# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| JO DEY, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| Defendant. | ) |

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

09 JUN 29 PM 3:50

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

1:09-cv-0806 LJM-DML

## COMPLAINT

COMES NOW the Plaintiff, JO DEY ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, NORTHSTAR LOCATION SERVICES, LLC, alleges and affirmatively states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of NORTHSTAR LOCATION SERVICES, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

1

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Indiana, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in the City of Indianapolis, Marion County, State of Indiana and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collector with a business office in the City of Cheektowaga, State of New York.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Defendant would place calls to Plaintiff on her work line at (989) 582-0147.

13. Plaintiff informed Defendant's agents on at least two occasions that Plaintiff could

2

not received collection calls on her work line.

14. Defendant continued to place collection calls to Plaintiff's work line regardless.

15. Defendant also called Plaintiff's brother seeking to speak with Plaintiff despite having already spoken with Plaintiff on her work line.

16. Defendant placed more than one call to Plaintiff's brother seeking to speak with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

18. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

a). Defendant violated *§1692b* of the FDCPA by contacting a third party despite already having location information for the Plaintiff.

b). Defendant violated *§1692b(3)* of the FDCPA by contacting a third party and more than once despite already having Plaintiff's location information.

c). Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time known to be inconvenient to her.

d). Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff on her work phone despite being told by Plaintiff that she cannot take such calls on that phone.

e). Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

f). Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to

annoy, abuse, and harass Plaintiff.

19. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress (See Exhibit A).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

21. Actual damages.

22. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

23. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

24. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

Harry Bradley
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JO DEY, hereby demands trial by jury in this action.

4

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA)

Plaintiff, JO DEY, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, JO DEY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 6/16/09

JO DEY,
Plaintiff

5